UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NEIKER YOUSEE MENDOZA BUSTAMANTE,

Petitioner,

v.

PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; Todd M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Todd BLANCHE, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; Christopher J. LAROSE, Warden of Otay Mesa Detention Facility,

Respondents.

Case No.:  3:26-cv-02294-LEK-JLB

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Before this Court is Petitioner Neiker Yousee Mendoza Bustamante's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on April 12, 2026. [Dkt. no. 1.] Respondents Patrick Divver, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; U.S. Department

of Homeland Security; Todd Blanche, Attorney General; Executive Office of Immigration Review; and Christopher J. Larose, Warden of Otay Mesa Detention Facility ("Respondents") filed a Return to Petition ("Return") on May 4, 2026.[1] [Dkt. no. 7.] Petitioner had until May 11, 2026 to file an optional response to the Return. See Minute Order: Setting Deadline for the Filing of an Amended Petition for Writ of Habeas Corpus; and Setting New Briefing Deadlines, filed 4/20/26 (dkt. no. 5), at 2. Petitioner did not do so.

Petitioner is a citizen of Venezuela. [Petition at ¶ 20.] According to the Petition, he entered the United States without inspection in October 2023, and he was not apprehended at that time. [Id. at ¶ 6.b.] Petitioner was ordered to appear before an immigration judge in a removal proceeding scheduled for March 30, 2026. [Id., Exh. 1 (Department of Homeland Security Notice to Appear, dated 9/28/25). Petitioner states that he was apprehended by the United States Department of Homeland Security ("DHS") on January 27, 2026, and he is currently detained by DHS's Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Facility. See Petition at ¶¶ 6.a, 7, 22; see also id., Exh. 2 (DHS Record of Deportable/Inadmissible Alien, dated 1/28/26). Petitioner asserts that he "is a member of the Bond Eligible Class" that was certified in Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1124, 1127 (C.D. Cal. 2025). See Petition at ¶ 6. Petitioner therefore alleges he is entitled to release or, in the alternative, a bond hearing. See id. at pgs. 7-8.

Respondents, however, argue that Petitioner is not a member of the Bond Eligible Class. [Return at 2.] Respondents state that Petitioner entered the United States on October 8, 2023, and, contrary to the Petition, Respondents assert Petitioner was apprehended shortly after entry, but he was released pending removal proceedings. See

---

[1] The individual Respondents are sued in their official capacities. See Petition at ¶¶ 21-25.

3:26-cv-02294-LEK-JLB

id.; see also Return, Exh. 1 (DHS Record of Deportable/Inadmissible Alien, dated 10/10/23) at PageID.41 ("After determining that the subject was an alien who illegally entered the United States, the subject was arrested. . . ."), PageID.39 ("Disposition: Notice to Appear Released (I-862)"). Petitioner had the opportunity to contest the authenticity of Respondents' Exhibit 1 by filing a response to the Return, but Petitioner did not file one.

At the outset, this Court notes that the Ninth Circuit Court of Appeals has administratively stayed the Maldonado Bautista decision "insofar as the district court's judgment extends beyond the Central District of California." Maldonado Bautista et al. v. U.S. Dep't of Homeland Sec. et al., No. 26-1044, Order, filed 3/6/26 (dkt. no. 5), at 1. Although Maldonado Bautista is not binding, this district court "has agreed with the reasoning in [Maldonado] Bautista and . . . found that similarly situated petitioners are not subject to mandatory detention under [8 U.S.C.] § 1225." Galdamez v. Warden of Imperial Det. Facility, Case No. 3:26-cv-01099-RBM-VET, 2026 WL 802856, at *1 (S.D. Cal. Mar. 23, 2026) (citing Rodriguez v. LaRose, Case No.: 3:25-cv-02940-RBM-JLB, 2025 WL 3456475, at *5 (S.D. Cal. Dec. 2, 2025); Silvestre-Mendoza v. Noem, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1 (S.D. Cal. Dec. 8, 2025); Hernandez Flores v. LaRose, Case No.: 3:25-cv-03023-RBM-DDL (S.D. Cal. Nov. 25, 2025), ECF No. 8 at 6-8). Based on those orders and other similar rulings by this district court, this Court concludes that, if Petitioner is similarly situated to the members of the Bond Eligible Class in Maldonado Bautista, he is entitled to a bond hearing.

The Bond Eligible Class in Maldonado Bautista is defined as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

813 F. Supp. 3d at 1127. However, Petitioner is not similarly situated to the Bond Eligible Class because he was apprehended upon arrival. See Return, Exh. 1 at PageID.41.

Because the only claim for relief in the Petition requests relief pursuant to Maldonado Bautista, see Petition at pg. 7, the Petition must be denied. Final judgment will be entered on **May 29, 2026**, unless Petitioner files an amended petition that presents an alternate basis for his request for habeas relief, such as a due process argument. See, e.g., Xie v. LaRose, Case No. 3:25-cv-03649-RBM-MSB, 2026 WL 92066, at *2 (S.D. Cal. Jan. 13, 2026).

## CONCLUSION

For the foregoing reasons, Petitioner Neiker Yousee Mendoza Bustamante's Petition for Writ of Habeas Corpus, filed April 12, 2026, is DENIED. The denial of the Petition is WITHOUT PREJUDICE to the filing of an amended petition that presents an alternate basis for his request for habeas relief. If Petitioner chooses to file an amended petition, he must do so by **May 28, 2026**. If Petitioner does not file an amended petition, final judgment will be entered and the case will be closed on **May 29, 2026**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 13, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**NEIKER YOUSEE MENDOZA BUSTAMANTE VS. PATRICK DIVVER, ETC., ET AL.; CV 26-02294 LEK-JLB; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

4