UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NEIKER YOUSEE MENDOZA BUSTAMANTE,

Petitioner,

v.

PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Facility,

Respondents.

Case No.:  3:26-cv-02294-LEK-JLB

**ORDER GRANTING IN PART AND DENYING IN PART FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Before this Court is Petitioner Neiker Yousee Mendoza Bustamante's ("Petitioner") First Amended Petition for Writ of Habeas Corpus ("Amended Petition"), filed on May 28, 2026. [Dkt. no. 9.] The respondents, identified in the Amended Petition as Patrick Divver, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement ("ICE"); Markwayne Mullin,

Secretary, U.S. Department of Homeland Security ("DHS"); DHS; Todd Blanche, U.S. Attorney General; the Executive Office for Immigration Review; and Christopher J. LaRose, Warden of Otay Mesa Detention Facility (collectively "Respondents"), filed a response to the Amended Petition ("Response") on June 5, 2026. [Dkt. no. 11.]

### BACKGROUND

Petitioner, a Venezuelan national, entered the United States on October 8, 2023 to seek asylum. He was detained for two days and then released on his own recognizance. [Amended Petition at pg. 2; id., Exh. 1 at PageID.58 (DHS Order of Release on Recognizance, dated 10/10/23).] Petitioner asserts that he was detained by ICE on January 28, 2026 "without cause or explanation." [Amended Petition at pg. 2.] Petitioner argues that, between his release in October 2023 and his re-detention, his circumstances did not change. He acknowledges that he was arrested in New York on March 31, 2024, but he emphasizes that the case did not result in a conviction. [Id.] Petitioner argues his re-detention violates the Due Process Clause of the Fifth Amendment because he had a constitutionally protected liberty interest in remaining free from detention after his October 2023 release, and he was not provided with a reason for his re-detention nor was he given an opportunity to be heard. See id. at pgs. 3-6.

It is clear from the Amended Petition that Petitioner was detained when Petitioner filed it. See, e.g., id. at pg. 7 (alleging the applicable legal authority "prohibits the government from continuing to detain Petitioner" and seeking, *inter alia*, Petitioner's release). The Amended Petition, however, does not contain an allegation regarding where Petitioner is currently detained. When he initiated this action, Petitioner was detained at the Otay Mesa Detention Center. See Petition for Writ of Habeas Corpus, filed 4/12/26 (dkt. no. 1) ("Petition"), at ¶ 25 (alleging "Respondent Christopher LaRose ('LaRose') is the Senior Warden at the Otay Mesa Detention Center [('OMDC')] as Warden of the [facility] where Petitioner is detained"). However, this Court cannot consider the allegations in the original Petition. See Totskii v. LaRose, Case No. 26-cv-1053-JES-JLB,

2026 WL 586468, at *2 (S.D. Cal. Mar. 2, 2026) ("An amended petition supersedes and effectively replaces the prior petition." (citation omitted)); see also Amended Petition at pg. 2 ("This amended petition supersedes the original petition and includes additional grounds supporting habeas relief."). Insofar as Petitioner continues to name LaRose as a respondent and the Amended Petition does not name any other facility's warden as a respondent, see Amended Petition at pg. 1 (listing Respondents in the case caption), it can be inferred from the Amended Petition that Petitioner is still being detained at OMDC.

Petitioner asks this Court to order his immediate release unless Respondents "provide a bond hearing within seven days where the Government bears the burden of establish[ing] risk of f[l]ight and dangerousness." [Id. at pg. 7.]

Respondents contend that "Petitioner's arrest in March of 2024 constitutes [] a failure to comply with the conditions of his release and that Petitioner is subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)." [Response at 2.] Respondents, however, acknowledge that this district court has "repeatedly reached the opposite conclusion under the same and/or similar facts." [Id. at 2-3 (collecting cases).] Respondents therefore do not oppose the Amended Petition, but they assert that "the appropriate relief would be to grant Petitioner an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a)." [Id. at 3.] Respondents ask that this Court allow the bond hearing to be held up to fourteen days from the filing of this Court's order ruling on the Amended Petition, in consideration of the government's "heavy caseloads and staffing levels." [Id. at 3 n.2.] Respondents also argue that, during the bond hearing, Petitioner bears the burden of proof, by a preponderance of the evidence, on the flight risk or danger to the community issues. [Id. (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022); Dos Santos v. Becerra, No. 26-cv-01423-GPC-VET, 2026 WL 800201 (S.D. Cal. Mar. 23, 2026)).]

This Court construes Respondents' non-opposition to the Amended Petition as a concession that Petitioner's re-detention violates his due process rights. This Court

3:26-cv-02294-LEK-JLB

therefore concludes that Petitioner is entitled to relief pursuant to Title 28 United States Code Section 2241. Findings that Petitioner was neither a flight risk nor a danger to the community were previously made in connection with his October 2023 release on his own recognizance. See Amended Petition, Exh. 1 at PageID.59 (DHS Notice of Custody Determination, dated 10/10/23, ordering Petitioner's release "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations"). However, Petitioner's March 2024 arrest and the circumstances thereof may affect those findings. Further, the record before this Court contains minimal information about Petitioner's arrest. Under these circumstances, this Court concludes that immediate release is not an appropriate remedy for the violation of Petitioner's due process rights. Petitioner's request for immediate release is denied without prejudice.

This Court concludes that ordering Respondents to provide Petitioner with an individualized bond hearing is the appropriate form of relief in this case. In addition, this Court makes the following orders regarding the bond hearing:

-the hearing must be held within seven days after the filing of this order;[1]

-the hearing must be before a fair, neutral, and open-minded immigration judge;

-the immigration judge shall determine whether Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Petitioner's appearance;

---

[1] This Court denies Respondents' request to allow Petitioner's individualized bond hearing to be held within fourteen days after the filing of this order. See Response at 3 n.2. Petitioner's interest in an expeditious remedy for the violation of his due process rights outweighs the general concerns cited by Respondents. If there is a **case-specific** reason why Petitioner's individualized bond hearing cannot be held within seven days, Respondents may file a motion to extend the deadline. Respondents' motion must establish the reason why an extension is necessary through a declaration or other supporting documents.

-Respondents shall bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger or flight risk; see Sandesh v. LaRose, Case No.: 26-cv-0846-JES-DDL, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026) ("[I]t [is] appropriate to continue to apply the standard set forth in Singh [v. Holder, 638 F.3d 1196 (9th Cir. 2011),[2]] in the case of bond hearings for those subjected to prolonged detention under § 1225(b) to protect the critical liberty interest and due process rights of such individuals." (citations omitted));[3]

-the immigration judge shall consider whether alternatives to detention are appropriate and, if a bond is considered, the immigration judge shall consider Petitioner's ability to pay;

-if the immigration judge denies bond, the immigration judge must make specific findings as to why Petitioner is a flight risk or a danger to the community; and

-if Petitioner believes that Respondents or the immigration judge violated this order and the writ, Petitioner can apply to this Court for appropriate sanctions.

### CONCLUSION

For the foregoing reasons, Petitioner Neiker Yousee Mendoza Bustamante's First Amended Petition for Writ of Habeas Corpus, filed May 28, 2026, is GRANTED IN PART AND DENIED IN PART. The Amended Petition is GRANTED insofar as Respondents are ORDERED to provide Petitioner with an individualized bond hearing

---

[2] Singh was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018). See, e.g., Gao v. LaRose, 805 F. Supp. 3d 1106, 1112 (S.D. Cal 2025).

[3] This Court rejects Respondents' argument that Petitioner bears the burden of proof during the bond hearing. See Response at 3 (some citations omitted) (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022)). This district court has recognized that "Rodriguez Diaz does not overturn Singh as to § 1225(b) bond hearings. [53 F.4th] at 1204. Nor does its logic extend to § 1225(b) prolonged detention bond hearings. See id. at 1197." See Sandesh, 2026 WL 622690, at *5.

consistent with the terms of this order within seven days of the filing of this order. The Amended Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for immediate release from custody.

The parties are DIRECTED to file a joint status report informing this Court of the outcome of the bond hearing within fourteen days of the filing of this order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 25, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**NEIKER YOUSEE MENDOZA BUSTAMANTE VS. PATRICK DIVVER, ETC., ET AL.; CV 26-02294 LEK-JLB; ORDER GRANTING IN PART AND DENYING IN PART FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

3:26-cv-02294-LEK-JLB