UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NEIKER YOUSEE MENDOZA BUSTAMANTE,

Petitioner,

v.

TODD BLANCHE, U.S. Attorney General of the United States; MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; CHRISTOPHER LAROSE, Warden of, Otay Mesa Detention Center,

Respondents.

Case No.: 3:26-cv-02294-LEK-JLB

**ORDER DENYING PETITIONER'S MOTION TO ENFORCE PRIOR COURT ORDER IN CASE**

Petitioner Neiker Yosuee Mendoza Bustamante ("Petitioner"), through counsel, filed a First Amended Petition for Writ of Habeas Corpus ("Amended Petition") on May 28, 2026.[1] [Dkt. no. 9.] On June 25, 2026, this Court issued an order granting the Amended Petition in part, insofar as the respondents were ordered to provide Petitioner with an individualized bond hearing consistent with this Court's rulings ("6/25 Order").

---

[1] In his pro se filings, Petitioner identifies himself as Neiker Yosuee Mendoza Bustamante. See, e.g., Motion to Enforce Prior Court Order in Case ("Motion to Enforce"), filed 9/11/26 (dkt. no. 16), at PageID.86. Petitioner's name appears to have been misspelled in the Amended Petition, the original petition, and the docket sheet, which was generated based on the original petition. See, e.g., Amended Petition at pg. 1 ("NEIKER YOUSEE MENDOZA BUSTAMANTE").

[Dkt. no. 12.] On July 8, 2026, the respondents filed the parties' Joint Status Report, stating that Petitioner's bond hearing was held and that Petitioner was denied bond. [Dkt. no. 13.]

Petitioner, who is now proceeding *pro se*, filed the instant Motion to Enforce, asking this Court to enforce the 6/25 Order. The respondents, identified in the Motion to Enforce as Todd Blanche, U.S. Attorney General of the United States; Markwayne Mullin, Secretary, United States Department of Homeland Security ("DHS"); Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement ("ICE"); and Christopher LaRose, Warden of, Otay Mesa Detention Center ("Respondents"), filed an opposition to the Motion to Enforce ("Opposition") on September 22, 2026. [Dkt. no. 19.] Petitioner filed a response to the Opposition ("Reply") on October 1, 2026. [Dkt. no. 20.] For the reasons that follow, Petitioner's Motion to Enforce is denied.

## BACKGROUND

Petitioner, a Venezuelan national, entered the United States on October 8, 2023 to seek asylum. He was detained for two days and then released on his own recognizance. He was arrested by ICE on January 28, 2026. See 6/25 Order at 2. This Court concluded that Petitioner's re-detention violated his due process rights and that Petitioner was entitled to relief pursuant to Title 28 United States Code Section 2241. See id. at 2-3. This Court concluded that, because of the minimal information in the record regarding Petitioner's March 2024 arrest in New York, an individualized bond hearing, rather than immediate release, was the appropriate form of relief. See id. at 3-4. This Court ordered that, at the bond hearing, the government would have the burden to prove, by clear and convincing evidence, that Petitioner poses a danger to the community or a flight risk. See id. at 4-5. This Court also ordered that Petitioner's bond hearing be held within seven days of the order. See id. at 5-6.

On June 30, 2026, an immigration judge ("IJ") issued an order denying bond because Petitioner was a "[d]anger to the community due to the serious nature of the offenses for which [Petitioner] was charged in 2024," which were "[o]nly dismissed due to lack of speedy trial." [Joint Status Report, Exh. 1 (Order of the Immigration Judge, dated 6/30/26 ("6/30 IJ Order")) at PageID.80.] The IJ also stated: "No evidence presented to rebut the danger he presents. No mention in either of the three letters he submitted and one outright states that Respondent has not been involved in misconduct, so court not confident the references are aware of his criminal history." [Id.] Petitioner was represented by counsel at the bond hearing. See id. at PageID.81 (Certificate of Service, noting the 6/30 IJ Order was served on Petitioner's "atty/rep." electronically); Motion to Enforce at PageID.88 (stating Petitioner "lost contact with the lawyer that represented him [at the bond hearing], Ms. Tina Malek").

Petitioner appealed the 6/30 IJ Order to the Board of Immigration Appeals ("BIA"), and the appeal was pending at the time that the Motion to Enforce was filed. See Motion to Enforce at PageID.88; id., Attach. B (Executive Office for Immigration Review, BIA Office of the Clerk, Filing Receipt for Appeal, dated 8/7/26, noting receipt of Petitioner's appeal on 7/27/26).

Petitioner argues the IJ failed to comply with the clear and convincing evidence standard required by the 6/25 Order. [Motion to Enforce at PageID.87] Petitioner states that, based upon his recollection of the bond hearing, the IJ found that Petitioner was both a flight risk, because he did not identify an adequate sponsor, and a danger to the community. [Id. at PageID.88.] According to Petitioner, "[t]here was mention of some criminal charges, that even though those charges were dismissed they were too recent. There was no finding of the seriousness of such dismissed charges." Id. (citing Motion to Enforce, Attach. C (Queens Criminal Court, Certificate of Disposition, dated 4/21/25, in The People of the State of New York vs. Neiker Mendoza Bustamante, CR-010563-24QN ("New York Criminal Case Disposition"), stating each of the three

charges was "Dismissed (Speedy Trial)" (citation omitted)). Petitioner argues that this Court should enforce the 6/25 Order by ordering his immediate release. See Motion to Enforce at PageID.87.

Respondents argue that, because the IJ complied with the 6/25 Order, this Court does not have jurisdiction to review the IJ's denial of bond. In addition, Respondents argue that Petitioner must exhaust his administrative remedies. [Opposition at 2.] However, they acknowledge that a district court may review a bond proceeding prior to a BIA appeal to determine if the IJ complied with the prior court order. [Id. at 5 (citing Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024)).] Respondents argue that the bond hearing was held within the time ordered by this Court, and that the IJ "applied the burden of proof required by this Court's order" when the IJ "considered 'the serious nature' of Petitioner's recent criminal arrests for second-degree strangulation, third-degree assault, criminal obstruction of breathing or blood circulation (applied pressure), and second-degree harassment, charges which were only dismissed due to lack of a speedy trial." [Id. (quoting Joint Status Report, Exh. 1 (6/30 IJ Order)) (citing Motion to Enforce, Attach. A at PageID.101 (New York Criminal Case Disposition)).[2]]

## DISCUSSION

> District courts have the authority to review compliance with prior orders granting habeas relief, including orders for bond hearings. Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011). The party challenging compliance with the bond order bears the burden of proof, and ambiguities are resolved in favor of the non-moving party. C.A.R.V. v. Wofford, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823, at *3 (E.D. Cal. Jan. 29, 2026).

---

[2] Respondents cite the version of the New York Criminal Case Disposition that is part of Attachment A to the Motion to Enforce. See Opposition at 5 (citing ECF No. 16 at 16). That version appears to be the same as Attachment C to the Motion to Enforce. Compare Motion to Enforce, Attach. A at PageID.101, with id., Attach. C.

> “When questions require a close review of agency-found facts,” like an administrative judge’s finding of dangerousness or flight risk in a bond hearing, “we review for an abuse of discretion.” Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024); see also Loba L.M. [v. Andrews], [Case No. 1:25-cv-00611-JLT-SAB,] 2026 WL 710307 at *5 [(E.D. Cal. Mar. 13, 2026)] (applying abuse of discretion standard to review compliance with an order for bond hearing on habeas); Y.S.G. v. Andrews, No. 2:25-CV-1884-SCR, 2025 WL 2979309, at *8 (E.D. Cal. Oct. 22, 2025) (same); C.A.R.V., 2026 WL 241823 at *6 (same). “Under an abuse of discretion standard, we cannot reweigh evidence but can only determine whether the [agency] applied the correct legal standard.” Id. (cleaned up). The Court’s review for abuses of discretion is limited to those which allege “violation by the agency of constitutional, statutory, regulatory or other legal mandates or restrictions.” See Abdelhamid v. Ilchert, 774 F.2d 1447, 1450 (9th Cir. 1985) (quoting Strickland v. Morton, 519 F.2d 467, 471 (9th Cir. 1975)).
>
> The government’s discretion in immigration bond hearings is constrained by the requirements of due process. Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017) (“[T]he government’s discretion to incarcerate non-citizens is always constrained by the requirements of due process.”). A noncitizen may show that an IJ abused her discretion in violation of the due process clause in a bond hearing by demonstrating either that the IJ “simply did not apply the right standard to the facts” or that “the IJ erred because the evidence itself could not - as a matter of law - have supported the decision to deny bond.” Garcia v. Hyde, No. 25-CV-585-JJM-PAS, 2025 WL 3466312, at *7 (D.R.I. Dec. 3, 2025) (internal quotations omitted); see also Nat. Res. Def. Council, Inc. v. Pritzker, 828 F.3d 1125, 1135 (9th Cir. 2016) (“An agency acts contrary to the law when it gives mere lip service or verbal commendation of a standard but then fails to abide the standard in its reasoning and decision.”).

Bayani v. LaRose, Case No. 26-cv-0266-JES-VET, 2026 WL 1270059, at *3 (S.D. Cal. May 8, 2026) (some alterations in Bayani).

In the instant case, the 6/30 IJ Order did not refer to this Court’s 6/25 Order, nor did the IJ state the clear and convincing evidence standard that the 6/25 Order

required the IJ to apply. See Joint Status Report, Exh. 1 (6/30 IJ Order) at PageID.80; 6/25 Order at 5. Although not a model of clarity, the 6/30 IJ Order indicates that Petitioner failed to "rebut the danger he presents." See Joint Status Report, Exh. 1 at PageID.80. In other words, the IJ placed the burden on the government to establish that Petitioner was a danger to the community. The IJ determined that the government carried that burden because of the serious criminal offenses that Petitioner was charged with in 2024. See id. The IJ acknowledged that those charges were dismissed, but noted that the dismissal was based on speedy trial grounds. See id. Even though there was no judgment of conviction, the IJ properly considered the circumstances of Petitioner's arrest in determining whether to grant bond. See, e.g., Carullo Moralez v. Warden Cal. City Det. Ctr., Case No. 1:26-cv-07763-JLT-HBK, 2026 WL 3120981, at *2 (E.D. Cal. Oct. 9, 2026) ("Although Petitioner's charges were ultimately dismissed, this Court finds that 'Respondents may well have a legitimate interest in Petitioner's detention based on information contained in the arrest report . . . the Immigration Judge may consider them in determining whether and under what conditions to set bond. . . .'" (some citations omitted) (quoting Singh v. Chestnut, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026))). To the extent that Petitioner's Motion to Enforce asks this Court to determine whether the IJ held the government to the clear and convincing standard, this Court concludes that the 6/30 IJ Order is ambiguous and resolves the ambiguity in favor of Respondents. See Bayani, 2026 WL 1270059, at *3. This Court concludes that Petitioner has not carried his burden to prove that the IJ failed to comply with the 6/25 Order when the IJ denied bond on the ground that Petitioner was a danger to the community.[3] See id.

---

[3] Petitioner asserts that the IJ denied bond because Petitioner failed to identify an appropriate sponsor. See Motion to Enforce at PageID.88. Even accepting Petitioner's representation that his proposed sponsor was discussed during the bond hearing, the IJ

(. . . continued)

## CONCLUSION

For the foregoing reasons, Petitioner Neiker Yosuee Mendoza Bustamante's Motion to Enforce Prior Court Order in Case, filed September 11, 2026, is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 10, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**NEIKER YOUSEE MENDOZA BUSTAMANTE VS. TODD BLANCHE ET AL.; CASE NO. 3:26-CV-02294-LEK-JLB; ORDER DENYING PETITIONER'S MOTION TO ENFORCE PRIOR COURT ORDER IN CASE**

---

ultimately did not base the denial of bond on the lack of an appropriate sponsor. See Joint Status Report, Exh. 1 (6/30 IJ Order) at PageID.80. Therefore, it is not necessary for this Court to address the arguments in the Motion to Enforce about Petitioner's proposed sponsor.